912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Heyward GREER, Defendant-Appellant.
 No. 89-5236.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1990.
Decided Aug. 24, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-89-132-6)
 Oscar W. Bannister, Jr., Hill, Wyatt & Bannister, Greenville, S.C., for appellant.
 E. Bart Daniel, United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Heyward Greer appeals his conviction of possession of a firearm, in and affecting interstate commerce, by a felon. See 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1990). He contends that a shotgun was seized in violation of his fourth amendment rights and that the district court erred when it refused to suppress introduction of the shotgun into evidence. We affirm.
 
 
 2
 Wesley Smith, a Deputy Sheriff for Greenville County, South Carolina, was dispatched to a local mobile home park to investigate a complaint of malicious damage. Upon arrival, two residents of the park informed Smith that a mobile home had been damaged the previous night by a shotgun blast. The residents advised Smith that they believed Greer, who lived in a mobile home located within 30 feet from the one damaged, was responsible. After investigating the damage, Smith proceeded to Greer's mobile home to talk with him. The front door of the mobile home was open and when Smith looked inside he saw a shotgun lying on a couch. Greer's wife, who responded to Smith's knock, told Smith he could enter. Once inside Smith seized the shotgun and later, after learning that Greer was a felon, arrested him on a state charge of possession of a firearm by a convicted felon. Because South Carolina law does not prohibit convicted felons from possessing a shotgun, the state charges were dropped and the shotgun was turned over to federal authorities who brought the present charge.
 
 
 3
 Greer concedes that Smith's presence in his mobile home was lawful and that the shotgun was in plain view, but argues that Smith did not have probable cause to believe that the shotgun was evidence of a crime because at the time of the seizure Smith did not yet know that Greer was a convicted felon. The government argues that even though Smith did not know Greer was a convicted felon, the seizure was authorized under the plain view doctrine because the officer was lawfully present and the shotgun was potentially incriminating evidence regarding the malicious damage investigation.
 
 
 4
 In discussing the plain view doctrine, the Supreme Court stated:
 
 
 5
 It is, of course, an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed. There are, moreover, two additional conditions that must be satisfied to justify the warrantless seizure. First, not only must the item be in plain view, its incriminating character must also be "immediately apparent." ... Second, not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself.
 
 
 6
 Horton v. California, 58 U.S.L.W. 4694, 4696-97 (U.S. June 4, 1990) (quoting Coolidge v. New Hampshire, 403 U.S. 443, 466 (1971)) (citations omitted).
 
 
 7
 Clearly, the plain view exception to the warrant requirement applies here. As conceded by Greer, Smith did not violate the fourth amendment when he entered the dwelling. The incriminating character of the shotgun, the same type of weapon allegedly used to damage the nearby mobile home, was immediately apparent. The fact that Greer was arrested on a state charge that was later dismissed does not invalidate the initial seizure of the shotgun. Cf. United States v. Lester, 647 F.2d 869, 873 (8th Cir.1981) ("The validity of the subsequent search ... does not turn upon the suitability of the stated grounds for the arrest."); Ricehill v. Brewer, 459 F.2d 537, 539 (8th Cir.1972) (" 'Notwithstanding the officer's mistaken statement of grounds, the existence of probable cause for a robbery arrest prevents the vagrancy arrest from being considered pretextual.' ") (quoting Klingler v. United States, 409 F.2d 299, 305 (8th Cir.), cert. denied, 396 U.S. 859 (1969)) (emphasis omitted). Accordingly, we affirm the conviction.
 
 
 8
 AFFIRMED.